**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **DERRIS BRADFORD, SR.,** | |
| **Plaintiff** | |
| VS. | **NO. 5:09-CV-286 (CAR)** |
| **CALVIN RAMSEY,** *et al.*, | PROCEEDINGS UNDER 42 U.S.C. §1983 BEFORE THE U. S. MAGISTRATE JUDGE |
| **Defendants** | |

**O R D E R**

Before the court are several motions recently filed by plaintiff Derris Bradford, Sr.. They include a MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (Tab #15), a MOTION TO APPOINT COUNSEL (Tab #16), a MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT (Tab #19), and a second MOTION TO APPOINT COUNSEL (Tab #20). For the following reasons, these motions are **DENIED**.

With regard to the plaintiff's two requests for appointed counsel, the plaintiff is advised that, generally speaking, no right to counsel exists in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Meckdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983); it is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Having applied the standards set forth in *Ulmer*, *supra*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff. The court, **on its own motion**, will consider assisting plaintiff in securing legal counsel **if and when** it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. As such, the plaintiff's requests for counsel are denied at this time.

With respect to the plaintiff's request for leave to file an amended complaint (Tab #15), the plaintiff "seeks to assert additional rights that are found under The Americans With Disabilities Act." Having considered this request, the undersigned makes the following observations. (1)There are no appropriate ADA party defendants involved in this action, (2) the stated basis for the plaintiff's request is entirely unsupported, and (3) the defendants in this action have pending a motion seeking summary judgment. In light of these observations, allowing the plaintiff to amend his complaint at this late date would not be appropriate.

With regard to the plaintiff Bradford's request for leave to file a supplemental complaint (Tab #19), plaintiff alleges that "events have occurred since plaintiff filed his complaint which are similar in nature to the violations alleged in the complaint filed on 8-19-2009." Here again, the length of time that this action has been pending, the fact that discovery in this action has already been concluded, and the pendency of the defendants' motion seeking summary judgment make it inappropriate to allow the plaintiff to add additional claim at this point in the proceedings. Should the plaintiff wish to pursue these additional claims, he may do so by filing a separate action.

**SO ORDERED AND DIRECTED,** this 30th day of March, 2010.



　　　　　　　　　　　　　　　　　　　　CLAUDE W. HICKS, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE