IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DERRIS BRADFORD, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:09-CV-286 (CAR) |
| VS. | : | |
| | : | |
| CALVIN RAMSEY, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Before the court is a Motion for Summary Judgment filed by Defendants Calvin Ramsey, Edward H. Burnside, Nurse Armstrong, and Sandra Abrams. Doc. 10. For the reasons set forth below, it is hereby **RECOMMENDED** that the motion be **GRANTED**.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Bradford arrived at Men's State Prison (MSP) on May 28, 2009. At that time, he had been diagnosed with chronic lymphedema, mild asthma, pulmonary emboli (blood clots in the leg), and tuberculosis. On June 2, 2009, the Plaintiff reported to the prison medical clinic complaining of severe pain on his right side and in his lower extremities. In response, he was examined by a nurse and instructed to elevate his lower extremities, apply cool compresses to the affected area, take his prescribed medications as directed, and to return to medical if needed. In addition, and as a result of a referral prepared by the examining nurse, Defendant Burnside assigned the Plaintiff to a bed in the H-dorm and referred him for a prosthetics consultation.

On June 5, 2009, the Plaintiff timely reported to the medical department to receive his prescribed medications. Prior to receiving his medications, however, he left the medical department. That evening, the Plaintiff complained of leg and back pain and asked the dorm officer to have a nurse come to the dormitory and check his vital signs. Upon receipt of this request, and in accordance with Georgia Department of Corrections policies prohibiting nurses from examining

inmates in the dormitory and/or administering prescribed medication more than an hour before or after the scheduled time, Defendant Nurse Armstrong denied the Plaintiff's request and instructed him to take two (2) Tylenol and fill out a sick call request.

On June 18, 2009, Defendant Burnside recommended that the Plaintiff participate in physical therapy. On June 23, 2009, in response to additional complaints of pain, the Plaintiff was prescribed Ultram. On June 30, 2009, Defendant Burnside advised the Plaintiff that he needed to walk rather than use a wheelchair in order to prevent the formation of blood clots. In addition, and after noting that the Plaintiff's failure to take his medications as directed had resulted in multiple infections, Defendant Burnside referred the Plaintiff for an evaluation in the Macon Wound Clinic.

On July 6, 2009, the Plaintiff was transported to the Augusta State Medical Prison (ASMP) in order to attend the prosthetics consultation that Defendant Burnside had ordered on June 2, 2009. On July 8, 2009, upon his return to MSP, the Plaintiff began advanced physical rehabilitation. On July 14, 2009, as a result of an evaluation that took place that day at the Wound Clinic located at the Coliseum Hospital in Macon, it was recommended that the Plaintiff be treated at the Lymphedema Clinic. Also on that date, the Plaintiff's physical therapist recommended that physical therapy be discontinued on account of the fact that the Plaintiff was not benefitting from the service.[1]

On July 21, 2009, the Plaintiff filed his Complaint, alleging that the Defendants were violating his Constitutional rights by "refusing to give [him] proper medical treatment." Id. More specifically, he claimed that the Defendants were refusing to provide him with appropriate medication, lymphedema therapy, orthopedic shoes, and prescriptions for a wheelchair and hospital bed. Id. Based on this alleged conduct, the Plaintiff asserted entitlement to monetary damages and injunctive relief. Id. In response, and after waiving personal service and filing an Answer, the Defendants filed their Motion for Summary Judgment.

---

[1] In addition to all of these treatments, and while incarcerated at MSP, the Plaintiff was given prescriptions for Ranitidine; a Proventil inhaler; Zantac for acid reflux; Lovenox for blood clot prevention; Levoquin, an antibiotic; Doxycycline; and a bed wedge for elevating his legs.

## DISCUSSION

The Plaintiff has failed to create a genuine issue of material fact with regard to his claims. Deliberate indifference to an inmate's serious medical needs is prohibited by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97,103-04 (1976). To state a viable claim of medical deliberate indifference, a plaintiff must show (1) "an objectively serious medical need" and (2) a defendant's subjective knowledge of, and more than negligent disregard of, that need. See Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003). As such, allegations of mere negligence or even medical malpractice will not suffice. McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). Moreover, so long as the provided medical treatment is "minimally adequate," an inmate's preference for more or different treatment will not give rise to a Constitutional violation. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Stated another way, absent evidence of 1) an outright refusal to provide necessary medical care; 2) a deliberate delay in the provision of necessary treatment; 3) the administration of "grossly inadequate care;" or, 4) "medical care which is so cursory as to amount to no treatment at all," an inmate's claim of medical deliberate will not succeed even where an objectively serious medical need and a defendant's subjective knowledge thereof has been established. McElligott, 182 F.3d at 1255 (citations omitted).

In this case, even assuming that the Plaintiff has sufficiently established the existence of an objectively serious medical need as well as subjective awareness of that need by one or more of the Defendants, he has failed to make a showing that any Defendant disregarded the need by conduct that amounted to more than mere negligence. In fact, because the evidence in this case clearly demonstrates that he has been provided extensive and even specialized medical care and treatment for his various medical conditions, even when viewed in the light most favorable to Plaintiff, it is simply not sufficient to permit a reasonable jury to find that the Defendants exhibited deliberate indifference. Accordingly, it is **RECOMMENDED** that the Defendant's Motion for Summary Judgment be **GRANTED**.

Also pending before the Court are two (2) motions seeking protective orders filed by Plaintiff Bradford. Doc. 14 and Doc. 32. As an initial matter, it must be noted that the Plaintiff completed his term of incarceration on October 13, 2010 and has, therefore, been released from prison. As such, and in view of the fact that, once released, an inmate's claims for injunctive relief no longer present a case or controversy, **IT IS RECOMMENDED** that his motions seeking protective orders be **DENIED** as moot. See <u>Wahl v. McIver</u>, 773 F.2d 1169 (11th Cir. 1985).

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these **RECOMMENDATIONS** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 13th day of January, 2010.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge